## FELLOWS v. BORDEN'S CONDENSED MILK CO.

(Circuit Court of Appeals, Second Circuit. June 1, 1913.)

PATENTS (§ 328*)—ADJUDICATION OF INVALIDITY—EFFECT OF DISCLAIMER—SOLDER-SAVING DEVICE.

A disclaimer filed by the patentee as to certain claims and parts of claims in the Fellows patent, No. 595,705, for a solder-saving device for use in the manufacture of sheet metal cans, which had previously been adjudged void for lack of patentable invention in the same suit, *held* not to so change the combination of the patent as to avoid the effect of such decisions.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Olin S. Fellows against Borden's Condensed Milk Company. Decree for defendant on supplemental bill, and complainant appeals. Affirmed.

For prior opinions, see 180 Fed. 421, and 187 Fed. 1005, 109 C. C. A. 535.

Livingston Gifford, of New York City, and E. W. Scherr, for appellant.

Walter D. Edmonds, of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. This is an appeal from a final decree of the District Court for the Southern District of New York dismissing a supplemental bill based on letters patent No. 595,705 granted to the complainant. The patent was held invalid and after the decision so holding was affirmed the complainant, by leave of the court, filed a disclaimer to all parts of claims 1, 2, 4, 5, 6, 7, 8 and 9 of patent No. 595,705 covering the combinations therein set forth respectively, excepting when, at least, one of the opposed traveling surfaces yields to afford a hold upon the body of the can peripherally as it approaches and passes the line between said traveling surfaces. Claim 10 is disclaimed outright.

The contention of the complainant is that when one of the opposed traveling surfaces yields, a valid combination is used which was new with Fellows and accomplishes a useful result, and that Fellows is entitled to limit the claims to such a combination. The answer alleges that all the questions presented by the disclaimer are res judicata. It denies that the part undisclaimed belongs to the complainant, that such part is material and that it is distinguishable from the parts claimed without right and alleges that the disclaimer is contrary to law and void and that the complainant was guilty of laches in not filing it sooner. The answer further denies infringement of the claims as limited by the disclaimer and alleges a license by the patentee to use the alleged invention. It also alleges anticipation by the patents enumerated in the original answer and asserts that the patent is void for lack of novelty and invention.

We think that this court is not precluded from considering the issues presented by the disclaimer because it allowed an application to be made to the District Court permitting it to be filed. The court simply allowed the complainant to try the experiment; it did not guarantee that it would be successful. It is unnecessary to recite the facts in detail as they have been stated and discussed at length in the opinions delivered in the lower court. The contention now is that one of the essential features of the Fellows combination is the presence of a retard producer, which feature was new in the art, and that the claims when limited to combinations having this feature are valid and infringed. It is asserted that the importance of the can-retarding wheel—

"was not understood by the Circuit Court or by this court and that the finding of invalidity was based upon the mistaken theory that the claims covered any combination for removing superfluous solder whether one of the traveling surfaces on the periphery of the wheels was or was not yielding."

It is true that Judge Ray does not specifically mention resilient, yielding or elastic surfaces in his opinion, but he had already considered four other patents relating to the same art and had written thirteen pages regarding them. It is not to be wondered at that he took some things for granted when he reached the patent in suit. The fact that he did not discuss the question now made prominent is by no means conclusive that he did not consider and decide it. Of course we do not know what took place at the argument in the Circuit Court or what passed through the mind of the judge during and subsequent to the argument. That the question was presented is conceded. The complainant's brief says:

"We were never able to get the elastic, yielding or resilient material considered as an element of the claims. We urged it before Judge Ray, and before the Circuit Court of Appeals."

That the presentation of this question was clear and able goes without saying. Our recollection is that it was carefully explained to us on the former argument and illustrated by working models operated in our presence. Indeed, we fail to see how the court could have decided the cause without considering this very question. The patentee says:

"The distinguishing feature of my present invention consists in retarding the progress of the cans as they pass through the apparatus."

And again:

"It is to be understood that the driving wheel and the auxiliary wheels are faced peripherally with more or less resilient material so as to afford a hold or purchase upon the bodies of the cans. Pneumatic cushions may be advantageously used for this purpose."

As a retarding wheel is an element of each claim and as the best, if not the only, way of producing the retarding action is by facing the wheel with an elastic resilient material, it is difficult to see how the court could have decided as it did without passing upon the identical question now argued. That question was presented by the pleadings and decided by the court although not discussed, except inferentially, in the opinion.

We cannot avoid the conclusion, therefore, that the combination held by the Circuit Court and by this court to be invalid was the combination having as a member at least one yielding traveling surface. A machine having no retarding feature would be inoperative, it would not accomplish the purpose which the patentee had in mind. An ordinary metal wheel would not do the retarding work, but a wheel faced with rubber would do it, and it was this wheel which the patentee regarded as a part of his combination by showing it in his drawings, describing it in his specification and including it in his claims. It was this combination which the Circuit Court and this court held invalid for lack of invention, in view of the prior art and the well known use of rubber and other yielding material when a retarding action is re-

quired. The only excuse for claiming invention over the machines of the prior art was the addition of this yielding feature; everything else was clearly old and we cannot believe that the most important feature of all escaped the attention of the Circuit Court. We may be permitted to say that it did not escape the attention of this court. We thought, however, that it did not require an exercise of the inventive faculties to use a yielding surface like rubber "to afford a hold upon the body of the can." The specification does not describe the action of the yielding surfaces in the precise language of the disclaimer, but no one skilled in the art could have been in doubt as to the manner in which the retarding action was produced.

Other defenses are argued, based upon the form of the disclaimer and the delay in filing it, but we prefer to rest our decision upon the proposition that the Circuit Court and this court decided that the patent was invalid for lack of patentability because it did not require an exercise of the inventive faculties to use wheels with yielding surfaces to produce the desired result. If the claims had been for hard metallic wheels, the application would probably have been rejected in limine.

The decree is affirmed with costs.